(105 So. 595)

No. 27002.

BURGESS v. BURGESS.

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

Divorce ⬯130—Wife complaining of husband's insults and outrages held innocent of similar conduct.

Wife, charging husband with cruel treatment, insults, and outrages, *held,* under evidence, innocent of similar conduct, so as to make applicable doctrine that, where insults and outrages were mutual, courts will not grant separation to either.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Mrs. Cecelia Burgess against Edward Burgess. Judgment for plaintiff, and defendant appeals. Affirmed.

Maurice H. Rooney and Eugene Stanley, both of New Orleans, for appellant.

John L. Feliu, of New Orleans, for appellee.

THOMPSON, J. After a married life of 21 years, the wife brings this suit against her husband for a separation from bed and board.

The charge is cruel treatment, excessive continued abuse of such nature and character as to render the living together as husband and wife insupportable.

The petition alleges:

That the defendant has on various occasions exhibited toward the plaintiff a most violent and vicious temper, calling her vile names—too indecent and shameful to repeat—and cursing her, threatening to strike her and to knock her head off, all in the presence of her children. That on one occasion, on returning home from a visit to her sister, the defendant refused to let her and her children enter the house, calling to her in a loud voice, in the hearing of several persons standing on the sidewalk, "Where in the hell have you been?"

That the defendant caused to be published in the Times-Picayune a notice that he would not be responsible for any debts contracted by others than himself. That said publication was made for the sole purpose of humiliating petitioner and to bring her into ridicule and public contempt.

That, on account of her husband's ugly and vicious conduct, she was compelled to take her children and leave home and go to her sister's, where she was residing when this suit was filed.

The defendant pleaded merely a general denial.

There were only three witnesses who gave evidence as to the domestic broils between plaintiff and defendant. They were the plaintiff, a 17 year old daughter, issue of the marriage, and the defendant.

The district judge gave credit to the testimony of the wife and daughter, and an examination of the testimony has satisfied us that the plaintiff has established her case and brought it well within the rule authorizing a separation from bed and board on the ground of cruel excesses and unusual treatment. The conduct of the husband is clearly shown to have been of such nature as to render it impossible for the two to

live together in peace and harmony. This is practically conceded by the defendant.

But it is contended by his counsel that the insults and outrages were mutual, and, where that is the case, the courts will not grant a separation to either of the married parties.

The rule invoked can hardly be applied to the facts of this case.

In the case cited by counsel (Castanedo v. Fortier, 34 La. Ann. 136), it was said:

"Under the law of Louisiana, as hitherto interpreted, disappointment in the marriage relation, and mere incompatibility of temper, are not causes for a judicial separation between husband and wife; excesses, outrages, and cruel treatment, of a nature to render the conjugal life intolerable, are, but, with this qualification, that the party complaining must be comparatively innocent of conduct similar to that complained of, in order to obtain a decree; mutual insults and outrages, the fruit of mutual provocations, unless there be a just and palpable disproportion of guilt as between the parties, furnish no sufficient ground of action to either."

The plaintiff's case falls within the qualifications stated in the foregoing case.

It is true the plaintiff at times would "talk back" to the defendant and perhaps retaliate with similar language to that used by the defendant, but the quarrels in which the abuse by the defendant was resented and in a degree reciprocated by the plaintiff were always provoked by the defendant and never by the plaintiff. There were no mutual provocations which brought about the mutual insults and outrages. Whatever was said by the wife in the mutual quarrels was superinduced by the unwarranted and outrageous conduct and abuse of the husband. Whatever wrong that may be attached to the wife in resenting in kind the abusive language of the defendant was obviously and palpably disproportionate to the guilt of the husband.

In these circumstances the doctrine contended for by defendant cannot be permitted to close the door against the plaintiff and to deny her the relief which the law grants her.

The judgment is affirmed.